**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| CHRISTOPHER O. BRANDT,     ) | |
|        ) | |
|     Plaintiff,    ) | |
|        ) | |
| v.        ) | C.A. No. 1:15-cv-00461-NT |
|        ) | |
| JOSEPH FITZPATRICK, in his official   ) | |
| capacity as COMMISSIONER, MAINE  ) | |
| DEPARTMENT OF CORRECTIONS;   ) | |
| SCOTT LANDRY; LISA NASH,    ) | |
|        ) | |
|     Defendants.    ) | |

**DEFENDANT LISA NASH'S MOTION TO DISMISS PLAINTIFF'S**
**COMPLAINT WITH INCORPORATED MEMORANDUM OF LAW**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Lisa Nash ("Defendant Nash") moves the

Court for an order dismissing Plaintiff's Complaint against her in its entirety.  Defendant Nash

moves to dismiss Count One—race discrimination under Title VII of the Civil Rights Act; Count

Two—age discrimination under the Age Discrimination in Employment Act ("ADEA"); Count

Three—"reprisal" under Title VII and the ADEA; and Count Four—violation of the Veterans

Employment Opportunities Act, because there is no basis for asserting individual liability against

her under any of these federal statutes as a matter of law.  In addition, Defendant Nash moves to

dismiss Count Four because Plaintiff has failed to exhaust his administrative remedies.

**FACTS ALLEGED IN THE COMPLAINT**

The following factual allegations are based on Plaintiff's Complaint, as they relate to

Defendant Nash, for purposes of this Motion to Dismiss.  Defendant Nash disputes the

truthfulness of these allegations, but even if they are taken as true they fail to state a claim for

relief as a matter of law.

Defendant Nash is a Regional Correctional Administrator working for the Maine Department of Corrections ("MDOC"). Complaint, ¶ 6. Plaintiff, a black male, was employed by the MDOC in the Prison Section for two years, before resigning, during which time he applied on seven occasions for probation officer and probation officer assistant positions within the MDOC. Complaint, ¶¶ 7-10. Plaintiff alleges that each time he applied for one of these positions, MDOC's Human Resources Department referred him for an interview, and after each interview Plaintiff received a letter stating that he did not meet the minimum qualifications. Complaint, ¶ 10. Plaintiff alleges that Defendant Nash "was in charge of the interviews" that were conducted in Portland, Maine. *Id.*

Plaintiff alleges that during one of the interviews in Portland, Maine, Defendant Nash was "extremely offensive and argued" with Plaintiff regarding his background and qualifications. Complaint, ¶ 13. This interview occurred after Plaintiff had filed a charge of race and age discrimination against the MDOC with the Maine Human Rights Commission ("MHRC"), based on previous interviews he had with Defendant Scott Landry in Augusta. Complaint, ¶¶ 12-13.

Plaintiff alleges that he was the only African-American male around 40 years of age waiting to be interviewed, and the MHRC investigation revealed that Plaintiff was the only applicant who served in the military and was a disabled veteran. Complaint, ¶ 14. As a result of conversations with other African-American employees of the MDOC regarding their interview experiences, Plaintiff alleges that they were "made to feel unqualified and inferior," and one applicant said that he had interviewed for other positions in the MDOC on several occasions but was not hired. Complaint, ¶ 15.

Plaintiff resigned from the MDOC sometime in late 2013 to pursue a position with the Federal Bureau of Prisons. Complaint, ¶ 16. Two weeks later, Plaintiff applied for positions at

the Maine Correctional Center.  *Id.*  Plaintiff does not allege that he interviewed with Defendant Nash after he resigned and subsequently interviewed for positions at the Maine Correctional Center.  *See generally*, Complaint, ¶¶ 16-20.

The MHRC ruled against Plaintiff, and the EEOC issued a right to sue letter on August 17, 2015, based on Plaintiff's charge against the MDOC.  Complaint, ¶ 20, and "Dismissal and Notice of Rights," attached as part of Exhibit A to the Complaint.  Plaintiff does not allege that he named Defendant Nash in his charge.  *See* Complaint, ¶ 12, and "Investigator's Report," attached as part of Exhibit A to the Complaint.

Plaintiff filed his Complaint in this matter on November 16, 2015.  It is not clear which Counts in the Complaint are directed at Defendant Nash, since each Count is directed at a single, unnamed "Defendant."  Nevertheless, it is clear that Plaintiff cannot maintain any of the Counts in the Complaint against Defendant Nash as a matter of law.

## ARGUMENT

### I.     THE LEGAL STANDARD FOR A MOTION TO DISMISS UNDER RULES 12(b)(6)

In ruling on a motion to dismiss under F. R. Civ. P. 12(b)(6) for failure to state a claim for relief, the Court assumes the truth of all well-pled facts and gives the plaintiff the benefit of all reasonable inferences.  *Genzyme Corp. v. Fed. Ins. Co.*, 622 F.3d 62, 68 (1st Cir. 2010); *Sanchez v. Pereira-Castillo*, 590 F.3d 31, 41 (1st Cir. 2009).  A party is entitled to dismissal unless the non-moving party alleges "sufficient facts to show that he has a plausible entitlement to relief."  *Sanchez,* 590 F.3d at 41 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)).  In evaluating the motion, the court need not assume the truth of conclusory allegations, and the complaint must state at least a "plausible claim for relief."  *Ashcroft*, 556 U.S. at 678-79.  *See also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 559 (2007) (holding that a plaintiff's

complaint must allege sufficient facts to demonstrate a "plausible entitlement to relief"); *García-Catalán v. United States*, 734 F.3d 100, 101 (1st Cir. 2013) (holding that the "plausibility standard" has become "the 'new normal' in federal civil practice").

## II. THE COURT SHOULD DISMISS ALL COUNTS OF THE COMPLAINT AGAINST DEFENDANT NASH BECAUSE NO INDIVIDUAL LIABILITY EXISTS UNDER ANY OF THE STATUTORY CLAIMS

### A. No Individual Liability Exists Under Title VII Or The ADEA

Plaintiff apparently purports to bring claims against Defendant Nash for race discrimination under Title VII of the Civil Rights Act (Count One), for age discrimination under the ADEA (Count Two), and for retaliation under Title VII and the ADEA (Count Three). However, the case law makes it clear that there is no individual liability for claims of discrimination or retaliation under Title VII or the ADEA.

The First Circuit, and every other circuit that has addressed the matter, has held that individual agents or employees cannot be held personally liable under Title VII. *Fantini v. Salem State College*, 557 F.3d 22, 28-31 (1st Cir. 2009). Since Congress intended to exempt small businesses from liability, "it would be incongruous to hold that Title VII does not apply to the owner of a five-person company but applies with full force to a person who supervises an identical number of employees in a larger company." *Id.* at 30. The statutory scheme and history demonstrate that employees do not fall within the statutory definition of employer, and Congress did not intend to impose liability on employees under Title VII. *Id.* at 30-31 ("it is inconceivable that Congress intended to allow civil liabilities to run against individual employees," quoting *Miller v. Maxwell's Int'l, Inc.*, 991 F.2d 583, 587 (9th Cir. 1993)). *See also Alba v. Advan, Inc.*, 4990 F.3d 826, 830 (11th Cir. 2007); *Smith v. Amedisys, Inc.*, 298 F.3d 434, 448-49 (5th Cir. 2002); *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995).

4

Similarly, individual liability does not arise under the ADEA for the same reasons. *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510-11 (4th Cir. 1994).  As the First Circuit pointed out in *Fantini*, courts that have addressed the matter have also held that there is no individual liability under the ADEA, as well as Title VII, because the statutes use the same definition of "employer."  *Fantini*, 557 F.3d at 29-30.  Courts routinely hold that individual employees cannot be sued under the ADEA because they do not come within the statutory definition of "employer."  *See, e.g., Ford v. Tennessee Human Rights Comm'n*, 2000 U.S. App. LEXIS 1383, *3-4 (6th Cir., Jan. 28, 2000) (dismissing pro se plaintiff's discrimination and retaliation claims under the ADEA and Title VII because those statutes "do not permit employees and supervisors to be sued in their individual capacities"); *Wathen v. General Electric Co.*, 115 F.3d 400, 404 (6th Cir. 1997); *EEOC v. AIC Security Investigations, Inc.*, 55 F.3d 1276, 1282 (7th Cir. 1995); *Smith v. Lomax*, 45 F.3d 402, 403-04 (11th Cir.1995).  *See also Gough v. Eastern Maine Development Corp.*, 172 F. Supp.2d 221, 224-25 (D. Me. 2001) (the circuit courts have made it clear that the "agent clause" in Title VII and the ADEA "only creates respondeat superior liability in the employer and does not subject the employer's agents themselves to liability"); *Caldwell v. Federal Express Corp*, 908 F. Supp. 29, 36 (D. Me 1995) (granting motion to dismiss discrimination and retaliation claims because an individual is not an "employer" for purposes of Title VII and the ADEA).

Accordingly, no claim for relief exists against Defendant Nash under Title VII or the ADEA.[1]

**B.     No Individual Liability Exists Under the VEOA**

The Veterans Employment Opportunities Act ("VEOA") added certain sections to Title 5 of the U.S. Code relating to providing "preference eligible" veterans with hiring advantages, including the addition of 5 U.S.C. §§ 3330a, 3330b, and 3330c.  The VEOA provides preference eligible veterans with advantage when seeking *federal employment.  Lazaro v. Dep't of Veterans Affairs*, 666 F.3d 1316, 1318 (Fed. Cir. 2012).  When a federal agency fills a vacancy, it must comply with the applicable statutes and regulations providing preference rights to veterans.  *Id.* Under the VEOA, a preference eligible veteran may file a claim "for any agency hiring decision that violated the veteran's rights or regulations relating to veteran's preference."  *Id.* (citing 5 U.S.C. § 3330a).

Under the statutory scheme established by the VEOA, a preference eligible veteran who alleges that a federal agency has violated his hiring rights may file a complaint with the Secretary of Labor within 60 days after the date of the alleged violation.  5 U.S.C. § 3330a(a)(1)(B)-(a)(2)(A).  The veteran may elect to appeal the alleged violation by the agency to the Merit Systems Protection Board if the Secretary of Labor is unable to resolve the complaint within 60

---

[1] Although Plaintiff does not assert a claim for relief under the Rehabilitation Act, Plaintiff references the Rehabilitation Act in the introductory and jurisdictional paragraphs of the Complaint.  As is the case under Title VII and the ADEA, there is no individual liability under the Rehabilitation Act.  *Flood v. Maine Dep't of Corrections*, 2012 U.S. Dist. LEXIS 158649, *55-56 (D. Me. August 24, 2012); *DeCotiis v. Whittemore,* 842 F. Supp. 2d 354, 363 n. 5 (D. Me. 2012).  *See also Roman-Oliveras,* 655 F.3d 43, 51 (1st Cir. 2011) (no individual liability under the Americans with Disabilities Act), and *Calero-Cerezo v. U.S. Dept. of Justice,* 355 F.3d 6, 19-20 (1st Cir. 2004) (claims brought under the ADA and the Rehabilitation Act are subject to the same analysis).  In addition, although Plaintiff does not assert state law claims for relief under the Maine Human Rights Act ("MHRA"), there also is no individual liability for employment discrimination or retaliation under the MHRA.  *Fuhrmann v. Staples Office Superstore East, Inc.*, 58 A.3d 1083, 1098 (Me. 2012); *Thayer Corp. v. Reed*, 2011 U.S. Dist. LEXIS 74229, *48-49 (D. Me July 11, 2011).

days after it is filed.  5 U.S.C. § 3330a(d)(1).  A preference eligible veteran may also elect to

terminate the administrative proceedings before the Merit Systems Protection Board and file an

action in the appropriate U.S. District Court.  5 U.S.C. § 3330b.

> In any case, the veteran's remedy is against the federal agency only:
>
> If the Merit Systems Protection Board (in a proceeding under section 3330a) or a court (in a proceeding under section 3330b) determines that *an agency* has violated a right described in section 3330a, the Board or court (as the case may be) shall order *the agency* to comply with such provisions and award compensation for any loss of wages or benefits suffered by the individual by reason of the violation involved. . . .

5 U.S.C. § 3330c (emphasis added).  *See also Conyers v. Rossides*, 558 F.3d 137, 148-49 (2d Cir.

2009) (setting forth statutory remedial scheme under the VEOA).  It is clear that "the purpose of

the VEOA is to provide preference eligible veterans with a method for seeking redress where

their veterans' preference rights have been violated in hiring decisions made by the *federal*

*government*."  *Kirkendall v. Dep't of Army*, 479 F.3d 830, 837 (Fed. Cir. 2007) (emphasis

added).

There is no provision for individual liability or remedies against individuals in the

statutory remedial scheme established by the VEOA, and there appears to be no reported

decision in which an individual was held liable (or even in which an individual was sued in his

individual capacity) under the VEOA.  Indeed, the VEOA was established to provide preference

eligible veterans with hiring advantages for open positions in *federal agencies*, and not state

agencies such as the Maine Department of Corrections—let alone individual state employees.

Accordingly, no claim for relief against Defendant Nash exists under the VEOA.

**III.    THE COURT SHOULD ALSO DISMISS COUNT FOUR OF THE COMPLAINT
AGAINST DEFENDANT NASH BECAUSE PLAINTIFF DID NOT EXHAUST
HIS ADMINISTRATIVE REMEDIES**

As discussed above, in order to pursue a claim under the VEOA for violation of
preference rights, a veteran must first file a complaint with the Secretary of Labor within 60 days
of the alleged violation.  5 U.S.C. § 3330a(a)(1)(B)-(a)(2)(A); *Conyers*, 558 F.3d at 148.  If the
Secretary of Labor is unable to resolve the complaint within 60 days, the veteran may appeal the
alleged violation to the Merit System Protection Board.  5 U.S.C. § 3330a(d); *Conyers*, 558 F.3d
at 148-49.  In lieu of continuing the administrative process, the veteran may file an action with
the appropriate District Court—but only (1) on or after the 121st day after the appeal is filed with
the Merit Systems Protection Board, or (2) after the Merit Systems Protection Board has issued a
judicially reviewable decision on the merits.  5 U.S.C. § 3330b; *Conyers*, 558 F.3d at 149.  A
veteran who does not exhaust these administrative procedures may not pursue a claim in court.
*Conyers*, 558 F.3d at 149.  *See also Oluyomi v. Napolitano*, 811 F. Supp. 2d 926, 941 n. 4
(S.D.N.Y. 2011).

Plaintiff does not allege—and evidently cannot allege—that he pursued or attempted to
exhaust his administrative remedies under the VEOA by filing a complaint with the Secretary of
Labor or otherwise pursuing his claim with the Merit System Protection Board.  Indeed, as
discussed above, it is clear that Plaintiff could not pursue any such administrative remedy
because claims under the VEOA may not be pursued against individual state employees.
Accordingly, the Court should dismiss Count Four of the Complaint for these additional reasons.

**CONCLUSION**

For all of the reasons set forth above, Defendant Nash respectfully requests that the Court dismiss all of the claims and Counts contained in the Complaint against her in their entirety.

Dated:  March 11, 2016

/s/ Eric J. Uhl
Eric J. Uhl
**LITTLER MENDELSON, P.C.**
1 Monument Square, Suite 600
Portland, ME  04101
(207) 774-6001
euhl@littler.com

Attorneys for Defendant Lisa Nash

## <u>CERTIFICATE OF SERVICE</u>

I, Eric J. Uhl, attorney for Defendant Lisa Nash, hereby certify that on this date I caused

the foregoing Motion to Dismiss to be (1) electronically filed using the CM/ECF system which

will send notification of such filing to all registered participants, and (2) mailed by the United

States Postal Service on the following:

Christopher O. Brandt
2 Wentworth Avenue
Apt 3
Gorham NH 03581

Dated:  March 11, 2016

/s/ Eric J. Uhl
Eric J. Uhl
**LITTLER MENDELSON, P.C.**
1 Monument Square, Suite 600
Portland, ME  04101
(207) 774-6001
euhl@littler.com

Attorneys for Defendant Lisa Nash