UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| CHRISTOPHER O. BRANDT )<br>)<br>   Plaintiff )<br>)<br>v. )<br>)<br>STATE OF MAINE, DEPARTMENT )<br>OF CORRECTIONS, LISA NASH, and )<br>SCOTT LANDRY )<br>)<br>   Defendants ) | Docket No. 1:15-cv-00461-NT |

### DEFENDANTS SCOTT LANDRY AND MAINE DEPARTMENT OF CORRECTIONS' MOTION TO DISMISS WITH INCORPORATED MEMORANDUM OF LAW

Defendants, State of Maine Department of Corrections and Scott Landry (the "Moving Defendants"), through undersigned counsel, file this Motion to Dismiss certain counts[1] of the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6), and state as follows:

### ALLEGED FACTS[2]

Plaintiff Christopher O. Brandt ("Brandt"), a black male, was employed by the Maine Department of Corrections ("MDOC") for approximately two years before resigning from the Department. (Complaint ¶ 7) During his tenure, Brandt was assigned to the Prison Section of the MDOC and was interested in merit promotion opportunities to work in the Community Corrections Section (Probations) of the MDOC. (Complaint ¶ 8). Each vacancy announcement encouraged minorities, preference eligible veterans, and other MDOC employees to apply for the probations officer and probations officer assistant positions. (Complaint ¶ 9). Brandt applied for

---

[1] MDOC has filed an Answer with regard to Counts I (race discrimination) and III (retaliation) of the Complaint.
[2] Defendants do not agree with all of the facts alleged by Plaintiff. However, for purposes of this motion, all facts are assumed to be true.

probations officer and probations officer assistant positions seven times and was referred by MDOC's Human Resources Department for an interview each time. (Complaint ¶ 10). Scott Landry, a white male, supervised the interviews in Augusta, and Lisa Nash, a white female, was in charge of the interviews in Portland. *Id.* Brandt alleges that after each interview, he received a letter stating that he did not meet the minimum qualifications. *Id.* Two of the seven interviews were conducted by Scott Landry, and Brandt alleges that both were abruptly ended shortly after the interviews started. (Complaint ¶ 11). Each time, Brandt was escorted out of the office without any explanation. *Id.*

Brandt made a complaint with former Commissioner Joseph Ponte regarding his treatment at the interviews. (Complaint ¶ 12). Brandt alleges that Scott Landry's behavior was mentioned in the complaint. *Id.* Commissioner Ponte responded to the complaint via e-mail stating that he would look into the matter. *Id.* Brandt also filed a complaint with the Maine Human Rights Commission against MDOC alleging race and age discrimination. *Id.* Brandt alleges that during one interview at the Portland Probation Office, Lisa Nash was extremely offensive and argued with Brandt when he began sharing his background and qualifications with the interview panel. (Complaint ¶ 13). This took place after Brandt filed a complaint with the Maine Human Rights Commission. *Id.*

At all of the interviews, several candidates were seated in a waiting area until they were called to be interviewed. (Complaint ¶ 14). Brandt alleges that in each case, he was the only African American male around 40 years of age waiting to be interviewed and that all of the other applicants were younger white males and females. *Id.* Brandt alleges that he was the only applicant who served in the military, was a disabled veteran with a service connected disability of 30% or more, and had a combat medal, but he was not given a veteran's preference for the

probation officer and probation officer assistant positions. *Id.* Brandt alleges that other African American officers employed with MDOC, Maine Correctional Center, shared their personal experiences with him regarding the treatment they received after applying and interviewing with Scott Landry and Lisa Nash for the probations officer and probation officer assistant positions. (Complaint ¶ 15). Brandt alleges that because of their racial commonality, they were all made to feel unqualified and inferior. *Id.* One of the African American officers said that he previously interviewed with Scott Landry and Lisa Nash ten times and was never offered a position. *Id.*

In late 2013, Scott Landry was assigned as the Warden of the Maine Correctional Center. Brandt resigned from his position at the Maine Correctional Center to pursue a position with the Federal Bureau of Prisons. (Complaint ¶ 16). However, two weeks after his resignation, Brandt reapplied to the Maine Correctional Center for several correctional positions. *Id.* Brandt alleges that Scott Landry sent a letter to him stating, "you will not be considered further for the correctional officer position because you lied on your employment application." *Id.*

Brandt amended his original charge with the Maine Human Rights Commission to add retaliation. (Complaint ¶ 17). Brandt alleges that he was the only one of six applicants subjected to a background investigation. *Id.* Brandt also alleges that the decision not to hire him was based on a conversation rather than what Brandt listed on his employment application. *Id.* After being interviewed for a correctional position, Brandt had a brief conversation with one of the interviewers while being escorted to the unsecured section of the facility. (Complaint ¶ 18). Brandt was asked about the job he was pursuing at the federal prison in New Hampshire and responded by saying that he was told there were budget issues. *Id.* Brandt alleges that this person, acting in a nonofficial capacity, called the federal correctional institution in Berlin, New Hampshire, and asked if it was currently hiring, and the person he spoke with said yes. *Id.*

Shortly afterwards an e-mail circulated among Maine Correctional Center management suggesting that Brandt lied on his employment application. *Id.* Brandt alleges that he never listed working at the federal prison in New Hampshire on any MDOC employment application. *Id.*

Brandt alleges that he also interviewed for a juvenile officer position at the Long Creek Youth Development Center in South Portland, but did not get that job either. *Id.* Brandt alleges that although another individual suggested not hiring him, it was Scott Landry's "race-based" and/or "retaliation-based" slanderous decision to ultimately not reinstate Brandt because of his previous complaints to the former MDOC Commissioner and the Maine Human Rights Commission. (Complaint ¶ 19). Subsequently, the Maine Human Rights Commission ruled against Brandt. (Complaint ¶ 20). The EEOC also subsequently provided a right to sue letter dated August 17, 2015. *Id.*

Brandt filed a four-count complaint with the Court on November 16, 2016, naming Commissioner Joseph Fitzpatrick, in his official capacity; Scott Landry; and Lisa Nash as Defendants. Count I alleges claims against all Defendants of race discrimination under Title VII of the Civil Rights Act of 1964. Count II alleges claims against all Defendants of age discrimination under the Age Discrimination in Employment Act ("ADEA"). Count III alleges claims against all Defendants of retaliation under Title VII and the ADEA. Count IV alleges claims against all Defendants under the Veterans Employment Opportunities Act of 1998. The Introduction and Jurisdiction sections of the Complaint also refer generally to claims being brought against all Defendants under the Rehabilitation Act of 1973. Defendant Landry respectfully moves for dismissal of all counts against him. Defendant MDOC respectfully moves for dismissal of Counts II, IV and any claims alleged under the Rehabilitation Act.

4

ARGUMENT

I. <u>Legal Standard</u>

In ruling on a motion to dismiss, the Court "accept[s] as true all well-pleaded facts set forth in the complaint and draw[s] all reasonable inferences therefrom in the pleader's favor." *Artuso v. Vertex Pharm., Inc.*, 637 F.3d 1, 5 (1st Cir. 2011); *see also Román–Oliveras v. Puerto Rico Elec. Power Auth.*, 655 F.3d 43, 45 (1st Cir. 2011). Although there need not be "detailed factual allegations," a plaintiff must make "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570); *see also Lister v. Bank of America, N.A.*, 790 F.3d 20, 23-24 (1st Cir. 2015). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

II. <u>Count I: Race Discrimination Under Title VII of the Civil Rights Act of 1964 (as to Defendant Landry)</u>

The Complaint fails to state a claim of race discrimination under Title VII against Defendant Landry because Title VII does not provide for individual employee liability. *Fantini v. Salem State College*, 557 F.3d 22, 30-31 (1st Cir. 2009). The statutory scheme and history of Title VII demonstrate that employees do not fall within the statutory definition of "employer," and Congress did not intend to impose liability on employees under Title VII. *Id*. "It is

inconceivable that Congress intended to allow civil liabilities to run against individual employees." *Id.* at 31, *quoting Miller v. Maxwell's Intern. Inc.*, 991 F.2d 583, 587 (9th Cir. 1993). In addition, Brandt does not allege in the Complaint that he exhausted his administrative remedies as to discrimination claims against Defendant Landry individually by naming Landry as a Respondent to his charge of race discrimination with the Maine Human Rights Commission. Count I against Defendant Landry must be dismissed.

    III.    <u>Count II:  Age Discrimination Under the Age Discrimination in Employment Act (as to Defendants Landry and MDOC)</u>

        A.  <u>Defendant Scott Landry</u>

The Complaint fails to state a claim of age discrimination under the ADEA against Defendant Landry because the ADEA does not provide for individual employee liability. Although the First Circuit Court of Appeals has not expressly decided the issue of individual liability under the ADEA, it has cited approvingly to cases from other circuits relying on the similarities in text and structure between the ADEA and Title VII. *See Fantini,* 557 F.3d at 29-31, *citing Lissau v. Southern Food Svc., Inc.*, 159 F.3d 177, 180-181 (4th Cir. 1998) (Title VII definition of employer must be read in the same fashion as the ADEA definition of employer); *Birkbeck v. Marvel Lighting Co.,* 30 F.3d 507, 510-11 (4th Cir. 1994) (Title VII is the ADEA's closest statutory kin); and *Wathen v. General Electric Co.,* 115 F.3d 400, 404, n. 6 (6th Cir. 1997) (Title VII and the ADEA "define 'employer' essentially the same way"). This Court has also held that although the ADEA includes the term "agents" in its definition of "employer," the inclusion was not to allow for individual liability, but rather to allow the imposition of respondeat superior liability upon employers for the acts of their agents. *Quiron v. L.N. Violette Co., Inc.*, 897 F. Supp. 18, 20 (D. Me. 1995). "[I]ndividuals are not subject to suit under . . . the ADEA." *Id.*

In addition, Brandt does not allege in the Complaint that he exhausted his administrative remedies as to age discrimination claims against Defendant Landry individually by naming Landry as a Respondent to his charge of discrimination with the Maine Human Rights Commission.  Count II against Defendant Landry must be dismissed.

### B.  Defendant MDOC

The Complaint fails to allege sufficient facts to state a claim against MDOC under the ADEA.  Brandt alleges that MDOC discriminated against him because of his age.  However the only facts set forth in the Complaint to support this claim are:

- Younger Caucasian males and females not employed with MDOC were hired instead of Brandt.  (Introduction);

- Plaintiff sensed that MDOC officials participating in the interviews had issues with his race (African American) and age (over 40).  (Introduction);

- At all of the interviews, several candidates were seated in a waiting area until they were called to be interviewed.  In each case, the Plaintiff was the only African American male around 40 years of age waiting to be interviewed.  All of the other applicants were younger white males and females.  (Complaint ¶ 14); and

- The candidates selected for the probation officer and probation officer assistant positions after 2012 were younger, some by almost 20 years.  (Exhibit A to Complaint).

To survive a motion to dismiss, the Complaint must contain sufficient facts to make plausible the conclusion that "but for" his age, Brandt would have been hired.  *See Lustgarten v. Lowe's Home Ctrs., LLC,* 2:15-cv-289-NT, 2015 WL 7312442 *3 (November 19, 2015).  A similar situation was presented in *Bohnet v. Valley Stream Union Free School Dist. 13*, 30 F.

Supp. 3d 174 (E.D.N.Y. 2014). In that case, the plaintiff brought a claim under the ADEA, alleging that she was not hired for tenure track because of her age. *Id.* In her complaint, the plaintiff alleged that she applied for many positions in the District while she was over the age of forty and that the District did not hire her for those positions but hired younger individuals under the age of 40. The court dismissed the complaint, holding that the plaintiff failed to state a plausible claim for age-based disparate treatment under the ADEA. *Id.* at 181. Specifically, the court found that the plaintiff did not provide any details about the identity of the individuals that the District hired or their particular ages. *Id.* at 180. The court also noted that the plaintiff did not allege that any member of the District made discriminatory comments relating to her age or engaged in any overt discriminatory conduct toward her related to her age. *Id.* at 181.

The same result should apply in this case. Brandt's conclusory statements should be rejected. In addition, the fact that Brandt was already in his forties when he was originally hired by the MDOC in 2012[3] undercuts any inference that Brandt was not selected for other positions in 2013 and 2014 because of his age. *See Lustgarten,* 2015 WL 7312442, at *3. Brandt has not alleged sufficient facts to state a plausible claim for age discrimination under the ADEA. Therefore, Count II should be dismissed.

---

[3]Exhibit A to the Complaint includes a copy of the Maine Human Rights Commission's investigator's report dated February 20, 2015 (ECF Document 1-1, Page 10 of 19, Page ID#17). The report states that Brandt worked as a correctional officer for MDOC from November 26, 2012, through January 8, 2014. (ECF Document 1-1, Page 10 of 19, Page ID#18). The report also states that Brandt was 44 years of age when he filed his initial charge of discrimination with the Commission on November 20, 2013. (ECF Document 1-1, Page 10 of 19, Page ID#17-18).

>    IV.    Count III: "Reprisal" for Engaging in Protected Activities (as to Defendant Landry)

Count III of the Complaint alleges that Defendants retaliated against Brandt because he engaged in activities protected by Title VII and the ADEA.  As discussed above, because neither Title VII nor the ADEA provide for individual liability, Count III against Defendant Landry must be dismissed.

>    V.    Count IV: Violation of the Veterans Employment Opportunities Act of 1998 (as to Defendants Landry and MDOC

The Complaint alleges that Defendants violated the Veterans Employment Opportunities Act of 1998 ("VEOA") by not selecting him for various positions within MDOC.  The VEOA is a federal law that provides certain federal employees and applicants with a means of redress in the event that a federal executive agency violates an employee's or applicant's veterans' preference rights.  *See* 5 U.S.C. §§ 3330a-3330b; *Kerner v. Department of the Interior*, 778 F.3d 1336, 1338 (Fed. Cir. 2015) (the VEOA's purpose "is to help veterans get the opportunity for federal employment"); *Scarnati v. Department of Veterans Affairs,* 344 F.3d 1246, 1247 (Fed. Cir. 2003) ("[p]art III of Title 5 pertains to employment in the federal government-wide civil service system.  Within this part of Title 5, section 3330a sets forth a procedure for administrative redress for a preference eligible individual who alleges that an agency has violated such individual's rights under any statute or regulation relating to veterans' preference for employment with the United States government").  Neither Defendant Landry nor MDOC is subject to the VEOA because neither is a federal agency.

In addition, even assuming that the VEOA did apply to Defendants, Brandt did not follow the required process for filing a complaint.  Specifically, section 3330a requires that a veteran

exhaust his administrative remedies by first filing a complaint with the Secretary of Labor within 60 days of the alleged violation. *See* 5 U.S.C. § 3330a(a) through (c). If the Secretary of Labor is unable to resolve the complaint within 60 days after filing, the veteran may elect to appeal the alleged violation to the Merit Systems Protection Board. 5 U.S.C. § 3330a(d). The veteran may elect to terminate the administrative proceedings and file an action in the United States District Court; however, this election may not be made before the 121st day after the date on which the appeal is filed with the Merit Systems Protection Board under section 3330a(d). 5 U.S.C. 3330b(a) & (b)(1). Brandt does not allege that he exhausted his administrative remedies under the VEOA prior to filing his Complaint with this Court.

Because neither Defendant Landry nor MDOC is subject to the VEOA, and because Brandt did not exhaust his administrative remedies, Count IV against Defendants Landry and MDOC must be dismissed.

    VI.    <u>General Claims Under the Rehabilitation Act of 1973 (as to Defendants Landry and MDOC)</u>

The Complaint fails to state a claim of disability discrimination under the Rehabilitation Act against Defendant Landry because there is no individual liability under Section 504 of the Rehabilitation Act. The Rehabilitation Act is limited to claims of disability discrimination with regard to "any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). Although the First Circuit Court of Appeals has yet to specifically decide the issue of individual liability under the Rehabilitation Act, it has held that there is no individual liability under the Americans with Disabilities Act. *Roman-Oliveras,* 655 F.3d 43, 51 (1st Cir. 2011) (Title I of the ADA addresses the conduct of employers only and does not impose liability on co-workers). The First Circuit has also noted that claims brought pursuant to the ADA and the Rehabilitation Act are subject to the same analysis. *Calero-Cerezo v. U.S. Dept. of Justice,* 355 F.3d 6, 19 (1st

10

Cir. 2004).  In addition, this Court has consistently held that no personal liability can attach to agents and supervisors under the Rehabilitation Act.  *Stile v. Somerset Cty.*, No. 1:13-cv-00248-JAW, 2015 WL 667814 *9 (D. Me. February 17, 2015); *Flood v. Maine Dep't of Corrections*, No. 1:11-cv-270-DBH, 2012 WL 5389533 *10 (D. Me. August 24, 2012); *DeCotiis v. Whittemore,* 842 F. Supp. 2d 354, 363 n. 5 (D. Me. 2012).  As a result, any claims brought under the Rehabilitation Act against Defendant Landry must be dismissed.

In addition, Brandt fails to allege sufficient facts to state a claim of disability discrimination against either Defendant Landry or Defendant MDOC.  To state a claim of disability discrimination under either the ADA or the Rehabilitation Act, Brandt must allege sufficient facts to establish that (1) he was disabled within the meaning of the Act; (2) he could perform the essential functions of the job, with or without reasonable accommodation; and (3) the employer took adverse action against him because of his disability.  *Roman-Oliveras v. Puerto Rico Elec. Power Auth.*, 655 F.3d 43, 48 (1st Cir. 2011).  An individual is considered to be disabled for purposes of the ADA if he (1) has a physical or mental impairment that substantially limits one or more major life activities; (2) has a record of an impairment; or (3) is regarded as having an impairment.  *Id.*  The Complaint fails to allege any facts regarding the nature of Brandt's alleged impairment, whether such impairment substantially limits a major life activity, or how such impairment substantially limits a major life activity.  In addition, the Complaint fails to allege that either Defendant Landry or MDOC failed to hire him because of his disability.  To the extent Brandt is pursuing claims under the Rehabilitation Act, those claims should be dismissed.

## CONCLUSION

For the foregoing reasons, the Moving Defendants respectfully request that the Court dismiss those portions of the Complaint discussed herein.

11

Dated: March 14, 2016 Respectfully submitted,

JANET T. MILLS
Attorney General

/s/ Kelly L. Morrell
KELLY L. MORRELL
Assistant Attorney General
Office of the Attorney General
Six State House Station
Augusta, Maine 04333-0006
Tel. (207) 626-8552
Fax (207) 287-3145
kelly.l.morrell@maine.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 14, 2016, I electronically filed this Defendants' Motion to Dismiss with Incorporated Memorandum of Law with the Clerk of the Court using the CM/ECF system, which will send notification of such filing(s) to the following:

euhl@littler.com

I also certify that I have mailed a copy to the following unregistered participant via United States mail at the following address:

Christopher O. Brandt
2 Wentworth Avenue, Apt. 3
Gorham, NH 03581

/s/ Kelly L. Morrell
Kelly L. Morrell
Assistant Attorney General
Office of the Attorney General
6 State House Station
Augusta, Maine  04330
(207) 626-8552

kelly.l.morrell@maine.gov