UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | | |
|---|---|---|
| CHRISTOPHER O. BRANDT | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Docket No. 1:15-cv-00461-NT |
| | ) | |
| STATE OF MAINE, DEPARTMENT | ) | |
| OF CORRECTIONS, LISA NASH, and | ) | |
| SCOTT LANDRY | ) | |
| | ) | |
| Defendants | ) | |

## ANSWER OF DEFENDANT STATE OF MAINE, DEPARTMENT OF CORRECTIONS

Defendant State of Maine, Department of Corrections ("Defendant"), through

undersigned counsel, files this Answer to Counts I and III of the Plaintiff's Complaint, and states

as follows:

### INTRODUCTION

1.      Defendant admits that Plaintiff reapplied for his previous position and an informal

interview was conducted.  Defendant also admits that he was informed that he would not be

considered for the position because he was untruthful during the hiring process.  Defendant is

without sufficient knowledge regarding what the Plaintiff "sensed" during the interviews.

Defendant denies the remaining allegations contained in paragraph 1 of the Complaint.

### JURISDICTION

2.   Defendant admits the allegations contained in paragraph 2 of the Complaint.

### VENUE

3.   Defendant admits the allegations contained in paragraph 3 of the Complaint.

## PARTIES

4.      Defendant admits that Plaintiff was a resident of the State of Maine and employed with MDOC at the Maine Correctional Center as a Correctional Officer.  Defendant is without sufficient knowledge to admit or deny the remaining allegations contained in paragraph 4 of the Complaint, and therefore denies same.

5.      Defendant admits the allegations contained in paragraph 5 of the Complaint.

6.      Defendant admits the allegations contained in paragraph 6 of the Complaint.

## STATEMENT OF FACTS

7.      Defendant admits the allegations contained in paragraph 7 of the Complaint.

8.      Defendant admits that Plaintiff was assigned to the Prison Section of the MDOC. Defendant is without sufficient knowledge to admit or deny the remaining allegations contained in paragraph 8 of the Complaint, and therefore denies same.

9.      Defendant admits the allegations contained in paragraph 9 of the Complaint.

10.      Defendant admits that Plaintiff applied for probations officer and probations officer assistant positions at least seven times and was referred for an interview each time. Defendant admits that Scott Landry, a white male, and Lisa Nash, a white female, participated on interview panels associated with the positions.  Defendant denies the remaining allegations contained in paragraph 10 of the Complaint.

11.      Defendant admits that Scott Landry participated in at least one of the interview panels.  Defendant denies the remaining allegations contained in paragraph 11 of the Complaint.

12.      Defendant denies that Scott Landry's behavior was mentioned in the complaint to Commissioner Ponte.  Defendant admits the remaining allegations contained in paragraph 12 of the Complaint.

2

13.     Defendant admits that one of the interviews took place after Plaintiff filed his complaint with the Maine Human Rights Commission.  Defendant denies the remaining allegations contained in paragraph 13 of the Complaint.

14.     Defendant admits that at all of the interviews, several candidates were seated in a waiting area until they were called to be interviewed.  Defendant is without sufficient knowledge to admit or deny whether Plaintiff was the only applicant who served in the military, was a disabled veteran with a service connected disability of 30% or more, and had a combat medal.  Defendant denies the remaining allegations contained in paragraph 14 of the Complaint.

15.     Defendant denies that Black applicants were made to feel unqualified or inferior.  Defendant denies that the Maine Human Rights Investigator refused to interview other officers because she did not believe they would put their jobs at risk by providing a statement.  Defendant denies that attempting to interview the witnesses would have proved that MDOC has a pattern of not hiring Black applicants for the more prestigious probations officer position.  Defendant is without sufficient knowledge to admit or deny the remaining allegations contained in paragraph 15 of the Complaint, and therefore denies same.

16.     Defendant admits that in late 2013, Scott Landry was assigned as the Warden of the Maine Correctional Center.  Defendant admits that Plaintiff resigned from his position at the Maine Correctional Center to pursue a position with the Federal Bureau of Prisons.  Defendant admits that shortly following his resignation, the Plaintiff reapplied to the Maine Correctional Center for several correctional positions.  Defendant denies the remaining allegations contained in paragraph 16 of the Complaint.

17.     Defendant admits that Plaintiff amended his original complaint with the Maine Human Rights Commission to add retaliation.  Defendant admits that the decision not to hire him

3

was based in part on a conversation.  Defendant denies the remaining allegations contained in paragraph 17 of the Complaint.

18.     Defendant admits that Plaintiff had a brief conversation with one of the interviewers and was asked about the job he was pursuing at the Federal Prison in New Hampshire.  Defendant admits that the Plaintiff responded that he was told there were budget issues, or something to that effect (the job fell through because of a hiring freeze).  Defendant admits that one of the individuals involved in the hiring process contacted the Federal Correctional Institution in Berlin and asked generally if the facility was in a hiring freeze. Defendant admits that the individual then wrote an email regarding his conversation.  Defendant admits that the Plaintiff never listed working at the Federal Prison in New Hampshire on any MDOC employment application.  Defendant admits that the Plaintiff interviewed for a juvenile officer position at Long Creek Youth Development Center in South Portland, and did not get that job. Defendant denies the remaining allegations contained in paragraph 18 of the Complaint.

19.     Defendant denies the allegations contained in paragraph 19 of the Complaint.

20.     Defendant admits that the Maine Human Rights Commission ruled against the Plaintiff.  Defendant admits that the Maine Human Rights Commission cited in its investigator's report the statements Scott Landry and Lisa Nash provided regarding the interviews for the probations officer and probations officer assistant positions and that they both stated that their decision not to  hire the Plaintiff was not based on race and that they hired the most qualified candidates.  Defendant admits that the EEOC concurred with the Maine Human Rights Commission and provided a right to sue letter dated August 17, 2015.  Defendant denies the remaining allegations contained in paragraph 20 of the Complaint.

COUNT ONE

4

21.     Defendant repeats and realleges is responses to the preceding paragraphs as if fully set forth herein.

22.     Defendant denies the allegations contained in paragraph 22 of the Complaint.

## COUNT TWO

23.     Defendant repeats and realleges its responses to the preceding paragraphs as if fully set forth herein.

24.     Defendant has filed a motion to dismiss Count Two, but nevertheless denies the allegations contained in paragraph 24 of the Complaint.

## COUNT THREE

25.     Defendant repeats and realleges its responses to the preceding paragraphs as if fully set forth herein.

26.     Defendant denies the allegations contained in paragraph 26 of the Complaint.

## COUNT FOUR

27.     Defendant repeats and realleges its responses to the preceding paragraphs as if fully set forth herein.

28.     Defendant has filed a motion to dismiss Count Four, but nevertheless denies the allegations contained in paragraph 28 of the Complaint.

## RELIEF

Defendant denies that the Plaintiff is entitled to the relief sought.

## JURY DEMAND

Defendant admits that Plaintiff requests a trial by jury.

## AFFIRMATIVE DEFENSES

1.     The Complaint fails to state a claim upon which relief may be granted.

2.      To the extent the Plaintiff was injured, his injuries were not caused by Defendant's conduct, but rather were the result of his own conduct.

3.      Plaintiff's claims are barred by the doctrine of sovereign immunity.

4.      Plaintiff failed to exhaust his administrative remedies.

5.      Defendant's actions were based upon legitimate non-discriminatory, non-retaliatory reasons.

6.      Defendant made good faith efforts to comply with federal and state laws.

7.      Plaintiff failed to mitigate his damages.

8.      Defendant reserves the right to amend its answer and affirmative defenses with reasonable notice as discovery progresses.

Dated:  March 14, 2016                                  Respectfully submitted,

                                                        JANET T. MILLS
                                                        Attorney General

                                                        /s/ Kelly L. Morrell
                                                        KELLY L. MORRELL
                                                        Assistant Attorney General
                                                        Office of the Attorney General
                                                        Six State House Station
                                                        Augusta, Maine  04333-0006
                                                        Tel.  (207) 626-8552
                                                        Fax (207) 287-3145
                                                        kelly.l.morrell@maine.gov

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2016, I electronically filed this Answer of

State of Maine, Department of Corrections, with the Clerk of the Court using the

CM/ECF system, which will send notification of such filing(s) to the following:

euhl@littler.com

I also certify that I have mailed a copy to the following unregistered participant via

United States mail at the following address:

Christopher O. Brandt
2 Wentworth Avenue, Apt. 3
Gorham, NH 03581

/s/ Kelly L. Morrell
Kelly L. Morrell
Assistant Attorney General
Office of the Attorney General
6 State House Station
Augusta, Maine  04330
(207) 626-8552

kelly.l.morrell@maine.gov

7