UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CHRISTOPHER O. BRANDT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 1:15-cv-00461-NT |
| | ) |
| JOSEPH FITZPATRICK, in his official | ) |
| capacity as COMMISSIONER, MAINE | ) |
| DEPARTMENT OF CORRECTIONS; | ) |
| SCOTT LANDRY; LISA NASH, | ) |
| | ) |
| Defendants. | ) |

### DEFENDANT LISA NASH'S ANSWER
### TO PLAINTIFF'S AMENDED COMPLAINT

Defendant Lisa Nash ("Defendant Nash") answers Plaintiff's Amended Complaint (the "Complaint") as follows:

### INTRODUCTION

1. Paragraph 1 of the Complaint contains conclusory allegations and legal conclusions to which no response is required. To the extent a response is required, Defendant Nash denies that she engaged in any discriminatory or illegal conduct with respect to Plaintiff. Defendant Nash is without knowledge or information sufficient to admit or deny the remaining allegations contained in paragraph 1 of the Complaint and therefore denies the allegations.

### JURISDICTION

2. Paragraph 2 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant Nash admits that the Court has jurisdiction over claims under 42 USC § 1983. Defendant Nash denies the remaining allegations contained in paragraph 2 of the Complaint.

VENUE

3. Paragraph 3 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant Nash admits that venue in this Court is proper. Defendant Nash is without knowledge or information sufficient to admit or deny the remaining allegations contained in paragraph 3 of the Complaint and therefore denies the allegations.

PARTIES

4. Defendant Nash admits that Plaintiff was employed by the Maine Department of Corrections ("MDOC") as a Correctional Officer for a period of time. Defendant Nash is without knowledge or information sufficient to admit or deny the remaining allegations contained in paragraph 4 of the Complaint and therefore denies the allegations.

5. Defendant Nash admits the allegations contained in paragraph 5 of the Complaint.

6. Defendant Nash denies that she currently is employed by the MDOC. Defendant Nash is without knowledge or information sufficient to admit or deny the remaining allegations contained in paragraph 6 of the Complaint and therefore denies the allegations.

STATEMENT OF ALLEGED FACTS

7. Defendant Nash admits that Plaintiff is a Black male. Defendant Nash is without knowledge or information sufficient to admit or deny the remaining allegations contained in paragraph 7 of the Complaint and therefore denies the allegations.

8. Defendant Nash admits that Plaintiff was assigned to the Prison Section of the MDOC. Defendant Nash is without knowledge or information sufficient to admit or deny the remaining allegations contained in paragraph 8 of the Complaint and therefore denies the allegations.

9. Defendant Nash denies the allegations contained in paragraph 9 of the Complaint.

10. Defendant Nash admits that she was involved in two interviews with Plaintiff, once for a Probation Officer position and once for a Probation Officer Assistant position. Defendant Nash is without knowledge or information sufficient to admit or deny the remaining allegations contained in paragraph 10 of the Complaint and therefore denies the allegations.

11. Defendant Nash is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 11 of the Complaint and therefore denies the allegations.

12. Defendant Nash is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 12 of the Complaint and therefore denies the allegations.

13. Defendant Nash is without knowledge or information sufficient to admit or deny the allegations regarding when the interview took place with respect to Plaintiff's complaint with the Maine Human Rights Commission and therefore denies the allegations. Defendant Nash denies the remaining allegations contained in paragraph 13 of the Complaint.

14. Defendant Nash is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 14 of the Complaint and therefore denies the allegations.

15. Defendant Nash denies that she took any actions or engaged in any conduct to make Black applicants feel unqualified or inferior, and that she interviewed any African American officer ten times. Defendant Nash is without knowledge or information sufficient to admit or deny the remaining allegations contained in paragraph 15 of the Complaint and therefore denies the allegations.

16. Defendant Nash admits that Scott Landry was assigned as the Warden of the Maine Correction Center. Defendant Nash is without knowledge or information sufficient to

admit or deny the remaining allegations contained in paragraph 16 of the Complaint and therefore denies the allegations.

17. Defendant Nash is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 17 of the Complaint and therefore denies the allegations.

18. Defendant Nash is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 18 of the Complaint and therefore denies the allegations.

19. Defendant Nash is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 19 of the Complaint and therefore denies the allegations.

20. Defendant Nash admits that the Maine Human Rights Commission ruled against Plaintiff. Defendant Nash is without knowledge or information sufficient to admit or deny the remaining allegations contained in paragraph 20 of the Complaint and therefore denies the allegations.

COUNT ONE
(Racial Discrimination in Violation of Title VII of the Civil Rights Act of 1964)

21. Defendant Nash repeats and incorporates by reference the answers to paragraphs 1 through 20 of the Complaint above as if set forth herein.

22. The Court, in its Order on Plaintiff's Motion for Leave to Amend and Defendants' Motion to Dismiss ("Order on Motion to Dismiss") (Doc. No 28), dismissed Count One as to Defendant Nash, and therefore no response is required. To the extent a response is required, Defendant Nash denies the allegations contained in paragraph 22 of the Complaint.

## COUNT TWO
(Age Discrimination in Violation of the Aged Discrimination in Employment Act)

23. Defendant Nash repeats and incorporates by reference the answers to paragraphs 1 through 22 of the Complaint above as if set forth herein.

24. The Court, in its Order on Motion to Dismiss (Doc. No 28), dismissed Count Two as to Defendant Nash, and therefore no response is required. To the extent a response is required, Defendant Nash denies the allegations contained in paragraph 24 of the Complaint.

## COUNT THREE
(Reprisal for Engaging in Protected Activities)

25. Defendant Nash repeats and incorporates by reference the answers to paragraphs 1 through 24 of the Complaint above as if set forth herein.

26. The Court, in its Order on Motion to Dismiss (Doc. No 28), dismissed Count Three as to Defendant Nash, and therefore no response is required. To the extent a response is required, Defendant Nash denies the allegations contained in paragraph 26 of the Complaint.

## COUNT FOUR
(Violation of the Veterans Employment Opportunities Act)

27. Defendant Nash repeats and incorporates by reference the answers to paragraphs 1 through 26 of the Complaint above as if set forth herein.

28. The Court, in its Order on Motion to Dismiss (Doc. No 28), dismissed Count Four as to Defendant Nash, and therefore no response is required. To the extent a response is required, Defendant Nash denies the allegations contained in paragraph 28 of the Complaint.

## COUNT FIVE
(Racial Discrimination in Violation of 42 U.S.C. § 1983)

29. Defendant Nash repeats and incorporates by reference the answers to paragraphs 1 through 28 of the Complaint above as if set forth herein.

30. Defendant Nash denies the allegations contained in paragraph 30 of the Complaint.

## RESPONSE TO PRAYER FOR RELIEF

Defendant Nash denies that Plaintiff is entitled to any judgment, damages or relief whatsoever against her based upon the alleged claims for relief, including the specific remedies requested in Plaintiff's prayers for relief.

## GENERAL DENIAL

Defendant Nash denies each and every allegation in the Complaint which has not been specifically admitted.

## DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. Some or all of Plaintiff's claims are barred by the applicable limitations period.

3. Plaintiff failed to mitigate his alleged damages.

4. To the extent Plaintiff was injured, his injuries were the result of his own conduct.

5. Plaintiff's claims are barred because personnel decisions regarding Plaintiff were based upon legitimate, non-discriminatory and non-retaliatory reasons.

6. Plaintiff's claims under 42 U.S.C. § 1983 are barred by the doctrine of qualified immunity.

7. Defendant acted in good faith and without malice or unlawful intent at all relevant times.

8. Defendant expressly reserves the right to supplement her Answer to include additional defenses which may become known at a later date.

WHEREFORE, Defendant Nash requests that this honorable Court dismiss Plaintiff's Complaint against her and enter judgment in her favor and award her costs, attorneys' fees and such other relief as the Court deems just and proper.

Dated:  December 20, 2016

>
> */s/ Eric J. Uhl*
> Eric J. Uhl
> **LITTLER MENDELSON, P.C.**
> 1 Monument Square, Suite 600
> Portland, ME  04101
> (207) 774-6001
> euhl@littler.com
>
> Attorney for Defendant Lisa Nash

## **CERTIFICATE OF SERVICE**

      I, Eric J. Uhl, attorney for Defendant Lisa Nash, hereby certify that on this date I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to all registered participants.


Dated:  December 20, 2016

                                    /s/ *Eric J. Uhl*
                                    Eric J. Uhl, Esq.
                                    LITTLER MENDELSON, P.C.
                                    One Monument Square, Suite 600
                                    Portland, ME 04101
                                    (207) 774-6001
                                    euhl@littler.com

                                    Attorney for Defendant Lisa Nash