UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| CHRISTOPHER O. BRANDT )<br>)<br>  Plaintiff )<br>)<br>v. )<br>)<br>STATE OF MAINE, DEPARTMENT )<br>OF CORRECTIONS, LISA NASH, and )<br>SCOTT LANDRY )<br>)<br>  Defendants ) | Docket No. 1:15-cv-00461-NT |

## ANSWER OF DEFENDANTS STATE OF MAINE, DEPARTMENT OF CORRECTIONS AND SCOTT LANDRY TO AMENDED COMPLAINT

Defendants State of Maine, Department of Corrections; and Scott Landry, through undersigned counsel, file this Answer to Plaintiff's Amended Complaint, and state as follows:

### INTRODUCTION

1. Defendants admit that Plaintiff reapplied for his previous position and an informal interview was conducted. Defendants also admit that Plaintiff was informed that he would not be considered for the position because he was untruthful during the hiring process. Defendants are without sufficient knowledge regarding what the Plaintiff "sensed" during the interviews. Defendants deny the remaining allegations contained in paragraph 1 of the Amended Complaint.

### JURISDICTION

2. Defendants admit the allegations contained in paragraph 2 of the Amended Complaint.

## VENUE

3. Defendants admit the allegations contained in paragraph 3 of the Amended Complaint.

## PARTIES

4. Defendants admit that Plaintiff was a resident of the State of Maine and employed with MDOC at the Maine Correctional Center as a Correctional Officer. Defendants are without sufficient knowledge to admit or deny the remaining allegations contained in paragraph 4 of the Amended Complaint, and therefore deny same.

5. Defendants admit the allegations contained in paragraph 5 of the Amended Complaint.

6. Defendants admit the allegations contained in paragraph 6 of the Amended Complaint.

## STATEMENT OF FACTS

7. Defendants admit the allegations contained in paragraph 7 of the Amended Complaint.

8. Defendants admit that Plaintiff was assigned to the Prison Section of the MDOC. Defendants are without sufficient knowledge to admit or deny the remaining allegations contained in paragraph 8 of the Amended Complaint, and therefore deny same.

9. Defendants admit the allegations contained in paragraph 9 of the Amended Complaint.

10. Defendants admit that Plaintiff applied for probations officer and probations officer assistant positions at least seven times and was referred for an interview each time. Defendants admit that Scott Landry, a white male, and Lisa Nash, a white female, participated on

interview panels associated with the positions.  Defendants deny the remaining allegations contained in paragraph 10 of the Amended Complaint.

11.     Defendants admit that Scott Landry participated in at least one of the interview panels.  Defendants deny the remaining allegations contained in paragraph 11 of the Amended Complaint.

12.     Defendants deny that Scott Landry's behavior was mentioned in the complaint to Commissioner Ponte.  Defendants admit the remaining allegations contained in paragraph 12 of the Amended Complaint.

13.     Defendants admit that one of the interviews took place after Plaintiff filed his complaint with the Maine Human Rights Commission.  Defendants deny the remaining allegations contained in paragraph 13 of the Amended Complaint.

14.     Defendants admit that at all of the interviews, several candidates were seated in a waiting area until they were called to be interviewed.  Defendants are without sufficient knowledge to admit or deny whether Plaintiff was the only applicant who served in the military, was a disabled veteran with a service connected disability of 30% or more, and had a combat medal, and therefore deny same.  Defendants deny the remaining allegations contained in paragraph 14 of the Amended Complaint.

15.     Defendants deny that Black applicants were made to feel unqualified or inferior. Defendants deny that the Maine Human Rights Investigator refused to interview other officers because she did not believe they would put their jobs at risk by providing a statement. Defendants deny that attempting to interview the witnesses would have proved that MDOC has a pattern of not hiring Black applicants for the more prestigious probations officer position.

3

Defendants are without sufficient knowledge to admit or deny the remaining allegations contained in paragraph 15 of the Amended Complaint, and therefore deny same.

16.     Defendants admit that in late 2013, Scott Landry was assigned as the Warden of the Maine Correctional Center.  Defendants admit that Plaintiff resigned from his position at the Maine Correctional Center to pursue a position with the Federal Bureau of Prisons.  Defendants admit that shortly following his resignation, the Plaintiff reapplied to the Maine Correctional Center for several correctional positions.  Defendants deny the remaining allegations contained in paragraph 16 of the Amended Complaint.

17.     Defendants admit that Plaintiff amended his original complaint with the Maine Human Rights Commission to add retaliation.  Defendants admit that the decision not to hire Plaintiff was based in part on a conversation.  Defendants deny the remaining allegations contained in paragraph 17 of the Amended Complaint.

18.     Defendants admit that Plaintiff had a brief conversation with one of the interviewers and was asked about the job he was pursuing at the Federal Prison in New Hampshire.  Defendants admit that the Plaintiff responded that he was told there were budget issues, or something to that effect (the job fell through because of a hiring freeze).  Defendants admit that one of the individuals involved in the hiring process contacted the Federal Correctional Institution in Berlin and asked generally if the facility was in a hiring freeze.  Defendants admit that the individual then wrote an email regarding his conversation.  Defendants admit that the Plaintiff never listed working at the Federal Prison in New Hampshire on any MDOC employment application.  Defendants admit that the Plaintiff interviewed for a juvenile officer position at Long Creek Youth Development Center in South Portland, and did not get that

4

job. Defendants deny the remaining allegations contained in paragraph 18 of the Amended Complaint.

19.     Defendants deny the allegations contained in paragraph 19 of the Amended Complaint.

20.     Defendants admit that the Maine Human Rights Commission ruled against the Plaintiff.  Defendants admit that the Maine Human Rights Commission cited in its investigator's report the statements Scott Landry and Lisa Nash provided regarding the interviews for the probations officer and probations officer assistant positions and that they both stated that their decision not to hire the Plaintiff was not based on race and that they hired the most qualified candidates.  Defendants admit that the EEOC concurred with the Maine Human Rights Commission and provided a right to sue letter dated August 17, 2015.  Defendants deny the remaining allegations contained in paragraph 20 of the Amended Complaint.

## COUNT ONE

21.     Defendants repeat and reallege their responses to the preceding paragraphs as if fully set forth herein.

22.     Defendant MDOC denies the allegations contained in paragraph 22 of the Amended Complaint.

## COUNT TWO

23.     Defendants repeat and reallege their responses to the preceding paragraphs as if fully set forth herein.

24.     Defendant MDOC denies the allegations contained in paragraph 24 of the Amended Complaint.

## COUNT THREE

25.　Defendants repeat and reallege their responses to the preceding paragraphs as if fully set forth herein.

26.　Defendant MDOC denies the allegations contained in paragraph 26 of the Amended Complaint.

## COUNT FOUR

27.　Defendants repeat and reallege their responses to the preceding paragraphs as if fully set forth herein.

28.　Count Four has been dismissed by the Court as to all Defendants, so no response is required.

## COUNT FIVE

29.　Defendants repeat and reallege their responses to the preceding paragraphs as if fully set forth herein.

30.　Defendants deny the allegations contained in paragraph 30 of the Amended Complaint.

## RELIEF

Defendant denies that the Plaintiff is entitled to the relief sought.

## JURY DEMAND

Defendant admits that Plaintiff requests a trial by jury.

## AFFIRMATIVE DEFENSES

1.　The Amended Complaint fails to state a claim upon which relief may be granted.

2.　To the extent the Plaintiff was injured, his injuries were not caused by Defendants' conduct, but rather were the result of his own conduct.

3.  Plaintiff's claims for monetary damages pursuant to the ADEA are barred by the doctrine of sovereign immunity.

4.  Plaintiff's claims are barred by the statute of limitations.

5.  Plaintiff failed to exhaust his administrative remedies.

6.  Defendants' actions were based upon legitimate non-discriminatory, non-retaliatory reasons.

7.  Plaintiff failed to mitigate his damages.

8.  Even if Defendants had discriminatory or retaliatory motive, they would have made the same decisions not to promote or rehire Plaintiff.

9.  At all times, Defendants made good faith efforts to comply with federal and state laws governing discrimination and retaliation and have not acted with malice, evil motive or reckless indifference to any statutorily or constitutionally protected rights of Plaintiff. Defendants acted reasonably, in good faith, and with due diligence toward Plaintiff.

10. Punitive damages against Defendant MDOC are statutorily barred.

11. Plaintiff's claims against Defendant Landry are barred by the doctrine of qualified immunity.

12. Defendants reserve the right to amend their answer and affirmative defenses with reasonable notice as discovery progresses.

Dated:  December 20, 2016

Respectfully submitted,

JANET T. MILLS
Attorney General

/s/ Kelly L. Morrell
KELLY L. MORRELL
Assistant Attorney General
Office of the Attorney General
6 State House Station
Augusta, Maine  04333-0006
Tel.  (207) 626-8552
Fax (207) 287-3145
kelly.l.morrell@maine.gov
Attorney for Defendants Maine Department of Corrections and Scott Landry

**CERTIFICATE OF SERVICE**

I hereby certify that on December 20, 2016, I electronically filed this Answer of State of Maine, Department of Corrections, and Scott Landry to Amended Complaint with the Clerk of the Court using the CM/ECF system, which will send notification of such filing(s) to the following:

euhl@littler.com

I also certify that I have mailed a copy to the following unregistered participant via United States mail at the following address:

Christopher O. Brandt
2 Wentworth Avenue, Apt. 3
Gorham, NH 03581

/s/ Kelly L. Morrell
Kelly L. Morrell
Assistant Attorney General
Office of the Attorney General
6 State House Station
Augusta, Maine  04330
(207) 626-8552
kelly.l.morrell@maine.gov